People v Romualdo (2023 NY Slip Op 01806)

People v Romualdo

2023 NY Slip Op 01806

Decided on April 5, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 5, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LINDA CHRISTOPHER
WILLIAM G. FORD
BARRY E. WARHIT, JJ.

2017-11195
 (Ind. No. 1054/16)

[*1]The People of the State of New York, respondent,
v
Fernando Romualdo, appellant.

Laurette D. Mulry, Riverhead, NY (Felice B. Milani of counsel), for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Grazia DiVincenzo and Marion Tang of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Barbara Kahn, J.), rendered September 27, 2017, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence. By decision and order dated November 12, 2020, this Court reversed the judgment and dismissed the indictment (see People v Romualdo, 188 AD3d 928, revd 37 NY3d 1091). On November 18, 2021, the Court of Appeals reversed the decision and order of this Court and remitted the matter to this Court for a new weight of the evidence determination and for consideration of issues raised but not determined on the appeal to this Court (see People v Romualdo, 37 NY3d 1091). Justices Ford and Warhit have been substituted for former Justices Roman and Cohen (see 22 NYCRR 1250.1[b]).
ORDERED that, upon remittitur from the Court of Appeals, the judgment is affirmed.
The evidence in this case was legally sufficient to establish the defendant's guilt of murder in the second degree beyond a reasonable doubt (see People v Romualdo, 37 NY3d 1091). Moreover, upon the exercise of our factual review power (see CPL 470.15[5]), we find that while an acquittal would not have been unreasonable in this case (see People v Tavarez, 155 AD3d 783), the verdict of guilt was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349; People v Romero, 7 NY3d 633; People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contentions are without merit.
CHAMBERS, J.P., CHRISTOPHER, FORD and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court